THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CURTIS FUZZ, Defendant-Appellant.

Third District   No. 3—90—0896

Opinion filed August 28, 1991.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Curtis Fuzz, was convicted by a jury of aggravated battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(b)(1)). The trial court sentenced him to a term of 3½ years' imprisonment and ordered him to pay restitution in the amount of $7,693.49. The defendant appeals. We affirm defendant's conviction. However, we

vacate part of the restitution order and remand for further proceedings consistent with this opinion.

The record shows that on May 27, 1990, the defendant stabbed Mark Hoffman with a knife. At issue in the trial court was whether the defendant was acting as an aggressor or in self-defense.

Hoffman testified that at approximately 12:15 a.m. he arrived at his sister's home and knocked on the door. Hoffman then saw the defendant approaching. He knew the defendant was related to his sister's husband. Hoffman also admitted he owed the defendant some money.

Hoffman stated the defendant approached him and asked about the money he owed. After he told the defendant he did not have the money, the two men began shoving each other. Hoffman then heard his sister say, "He's got a knife." About the same time, he saw a shiny blade in the defendant's hand and felt a sharp pain in his chest and hip. Grabbing a camera strap around the defendant's neck, he choked the defendant and was eventually able to turn him around. Hoffman then threw the defendant to the ground using a move he had learned in the Marine Corps and placed his foot on the defendant's larynx. When Hoffman became dizzy, his sister helped him into a wheelchair.

Hoffman's sister, Kim Kearns, testified that she had multiple sclerosis and used a wheelchair. On the night in question, she heard the knocking and was on her way to answer the door when she heard the voices of Hoffman and the defendant. Through the window of the door, she saw them pushing each other. She then saw a knife in the defendant's hand and yelled, "He's got a knife!" When her brother said, "I have been stabbed," she got a towel. Returning, she found her brother with his foot on the defendant's throat threatening to crush his larynx if he moved. After seeing her brother was hurt, she then helped him into her wheelchair and administered first aid.

During defendant's jury trial, the defendant made a motion *in limine* after the State rested. The motion *in limine* requested that any impeachment of defendant's testimony be limited only to a disclosure that the defendant had a prior felony conviction. Specifically, defendant did not want the jury to know that his prior conviction was for assault with a firearm. The trial court denied the defendant's motion.

The defendant was then called as a witness. He testified that on the night in question he approached Hoffman and asked about some money Hoffman owed him. Hoffman said he was not going to pay

and pushed the defendant. Hoffman then lunged at the defendant, grabbed the camera strap around the defendant's neck, and began choking him with it. Fearing for his life, the defendant took out a knife and stabbed Hoffman. Hoffman then forced the defendant to the ground and put his foot on his neck. After Hoffman got off the defendant, the defendant offered to take him to the hospital and to call the police.

Following the defendant's testimony, the State moved to introduce a certified copy of his conviction for assault with a firearm. The certified copy was entered into evidence over the defendant's objection.

The jury found the defendant guilty of aggravated battery. He was sentenced to a term of 3½ years' imprisonment and was ordered to pay costs and restitution in the amount of $7,693.49 before December 1, 1992.

The first issue raised by the defendant in this appeal is whether the trial court erred in denying his motion *in limine*. Defendant contends the State should have *only* been able to impeach him by informing the jury he had a prior felony conviction. Defendant asserts the trial judge erred by informing the jury that the defendant had a prior felony conviction for assault with a firearm. We disagree.

■ It is well established that the trial judge has discretion to permit the defendant's veracity to be impeached with certified copies of prior felonies or for misdemeanors involving dishonesty. (*People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695.) Evidence of prior convictions may be admissible if the crime was punishable by death or by imprisonment in excess of one year unless the trial judge determines that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695.

■ In determining whether a conviction's prejudicial effect substantially outweighs its probative value, the trial court must consider: (1) the nature of the prior crime; (2) the nearness or remoteness in time of the prior conviction; (3) the subsequent career of the defendant; and (4) whether the prior crime was similar to the one charged. (*People v. Washington* (1980), 85 Ill. App. 3d 522, 407 N.E.2d 185.) The trial court is not, however, required to make an express evaluation of each of these factors in open court. A reviewing court will assume the trial judge gave appropriate consideration to the relevant factors. *People v. Washington* (1980), 85 Ill. App. 3d 522, 407 N.E.2d 185.

█ In the instant case, the trial court expressly stated that it was always concerned with prejudice resulting to the defendant from the admission of a prior felony conviction for impeachment purposes. Not only did the trial court consider the possibility of prejudice, it also attempted to guard against such prejudice. While the court concluded the prior conviction was admissible, the trial judge also ruled that the jurors would not receive a copy of it during their deliberations. The trial court did not want the jurors reviewing the details of the prior felony conviction. Upon review of the record, we are unable to conclude that the trial court erred because the judge minimized any possible prejudice to the defendant. Therefore, the evidence of the defendant's prior felony conviction was properly admitted.

The defendant's second argument on appeal is that the trial court erred in ordering him to pay $7,693.49 in costs and restitution by December 1, 1992. We agree based on the facts of this case.

█ It is not necessary for a trial court to determine a defendant's ability to pay when ordering restitution. (*People v. Hayes* (1988), 173 Ill. App. 3d 1043, 527 N.E.2d 1342.) However, the trial court must consider the defendant's ability to pay when making a determination of the method and time of payment. *People v. Hayes* (1988), 173 Ill. App. 3d 1043, 527 N.E.2d 1342.

The presentence report indicates that the defendant has no assets or source of income and had not been steadily employed since 1980. Additionally, the defendant, who has been incarcerated since May 27, 1990, was sentenced to 42 months' imprisonment.

The fact a defendant has been ordered to serve a term of imprisonment does not, of itself, render an order of restitution improper. However, it is a factor to be considered by the trial court in assessing the defendant's ability to pay and in determining the manner and time of payment. *People v. Wagner* (1989), 189 Ill. App. 3d 1041, 546 N.E.2d 283.

The trial court should make every effort to insure that restitution can be paid. Therefore, it should take into account the totality of the defendant's circumstances when affixing the time and manner of payment. In the instant case, the trial court ordered the defendant to pay $7,693.49 by December 1, 1992, even though he may still be in prison at that time. Since he has no assets, it is improbable the defendant will be able to pay by that date. Accordingly, while we affirm the trial court's imposition of restitution in the amount of $7,693.49, we vacate that portion of the judgment fixing the payment date. We remand the cause to the circuit court

for further proceedings to determine a more appropriate manner and time of payment.

The judgment of the circuit court of Rock Island County is affirmed in part and vacated in part, and the cause is remanded for proceedings consistent with this opinion.

Affirmed in part; vacated in part and remanded.

STOUDER, P.J., and GORMAN, J., concur.